Yes your honor. Thank you. Members of the Ninth Circuit Court of Appeals Council my name is Joel Tenge. I represent the appellant the estate of Dr. Jason Shaw in this case. Typically by way of factual background as of October 5 2001 Jason Shaw was employed by Bear River Publishing. At that time and on that date he was working on the printing press. The printing press had recently been put off in graphics. At that time due to a malfunction of the press his left hand and arm were pulled into the machinery and the rollers from which he sustained muscular vascular and nerve damage. While this lawsuit was pending on May 25 2004 he suffered an accidental overdose of pain medication that he was taking as a result of this accident. A motion was thereafter brought seeking to dismiss the claim on the basis that the claim did not survive the death of Jason Shaw. The district court granted the motion dismissing the case and we on behalf of the estate thereafter appealed. It is our position that the Idaho law is particularly clear that Jason Shaw as an employee of the purchaser of the press is entitled to bring contractual warranty claims under the UCC and that any common law principle applicable to a tort action and the abatement of a tort action upon the death of the injured party does not apply to a UCC remedy set out in the Idaho Code. From our standpoint it doesn't really matter how you characterize it. His status as an employee of the employer gives him that right to pursue those warranty claims. Whether he's considered a third party beneficiary or as the agent of the employer and purchaser, his status as an employee gives him that right to bring a contractual claim for breach of warranty. Our position is that under the UCC, this is a contractual claim under the UCC, a breach of warranty, he has the appropriate status to bring that claim and then a common law principle applicable to a tort action is simply not applicable. That does not negate a UCC warranty claim under the facts of this case. In other words, your suggestion is that the reliance should have been on PUCCOT rather than OATS in terms of the analysis by the district court? Well, we think both PUCCOT and OATS stand for the same proposition as it applies to this claim, and that is Shaw as an employee of the purchaser has standing and has the right to pursue those claims. No, I think Judge McKeon's point is that PUCCOT is the one that holds the UCC governs, whereas OATS had held it was a tort. So PUCCOT is the one that is pertinent here. And I agree. Under PUCCOT, I think we're entitled to bring that action. I don't see OATS as taking really a different position. I think OATS also supports the proposition. OATS takes the position of a tort. Only if you don't have the correct status. If you don't have the status as... OATS, where it was a tort because there was no status as an employee, and PUCCOT where he was. I agree. I agree. In OATS, the plaintiff did not have the correct status, but I think in OATS it also indicated that had he had the correct status, such as being the employee of the employer purchasing the product, with that correct status it would be a contract action. Let me ask you this. This is Judge Fletcher speaking. Assuming that we pay attention not only to OATS but also to PUCCOT, PUCCOT seems to me the stronger of the two cases for your position, and that we conclude that this is an action brought under the UCC, does that resolve yet the question as to whether or not this is ex-contractu with the consequence of allowing the survival of the action? I'm concerned about the argument that I expect to be made in a moment, that while even if it is under the UCC, it's not ex-contractu in the sense of abating the cause of action because of the nature of the damage remedy. Because it looks an awful lot like a tort remedy in the sense of how you measure those damages. Could you respond to that argument? I appreciate that question and I do fully expect that argument. I think PUCCOT does resolve that issue. And the question of whether it's contract or tort is going to turn on the status of the injured party. And otherwise, you basically nullify the entire intent and purpose of the UCC provision, Idaho Code Section 28-2-715, which specifically provides the type of remedy sought in this case. I don't think you can take the position that simply because you're seeking damages for a personal injury, that makes it a tort action, and therefore the UCC provision doesn't apply because if you take that position, you've totally nullified the statute. It means the statute then becomes meaningless because every personal injury claim then is a tort action. Let me ask it this way, if I could. If we're trying to use contract vocabulary to describe the damages that are sought, it strikes me that these are so-called consequential damages. They're not expectation damages or reliance damages. They're consequential damages, that is to say they arise out of a breach of duty, assuming that we have a breach of duty. And the fact that consequential damages should be measured by harm to the plaintiff and that's fairly standard contract stuff. Would you be able to see it that way? Yes, I think this is a consequential damage case. The remedies sought, I think, are consistent with the UCC provision, the Idaho Code Section, that includes medical expenses and damage to the injured person. I think it's significant that that language is specifically set out in the statute as one of the grounds, one of the factors or elements of a recovery under this UCC provision. Would we need, if we were to determine that there is a claim under the UCC, we wouldn't need to determine at this point what the scope of those damages would be, correct? I think that's correct. The trial court would figure out where you might fall within the UCC or whether you ultimately fall in terms of the nature of your damages, right? I think that's accurate. We really didn't get to that issue before the case got dismissed. No, the real question is, somehow the character of the damage disqualified this from being a contractual case. You have about two and a half minutes. Would you like to save that for rebuttal? Yes. All right. Thank you. You may proceed. May it please the Court? I'm Robert Williams, representing Dolphin Graphics. Could you just speak up a little louder? Thank you. A point of procedure. I was asked to inform the panel that me and the attorney representing SECO have agreed to split our ten-minute time. I would keep seven minutes and he would get three. All right. Initially, a plaintiff brought three causes of action, one in negligence, one in breach of warranty. The Court granted a motion to dismiss on all three claims. The plaintiff has not briefed and I don't believe has perfected his appeal with regards to the negligence and the strict liability claims. I believe that those have been conceded and requested the Court uphold and affirm the trial court's grant of summary judgment on those two claims. And I believe what that does is that it also concedes the argument that under Idaho law, personal injury claims abate upon the death of the alleged tort victim. Well, if it's a pure personal injury claim, that's probably right. That is to say, it would arise out of an automobile accident. That's true. But as we just heard the argument, and of course it's set out in the briefs, there's an argument that this is a country claim and that he's a third-party beneficiary. That believes, I believe that to be the remaining argument here, Your Honor. And as you alluded to in your question to Mr. Tingey, is our position is that you look at the nature of the damages that are being alleged. Why aren't these just ordinary consequential damages? That is to say, it's a very, a subcategory of contract damages. I think they are consequential damages. I think there's a subset of a personal injury. But consequential damages, that's contract language. I don't view it as strictly contract language, Your Honor. Well, it doesn't have to be strictly contract language. All it has to be is both tort language and contract language. I mean, the ordinary division of damages in a contract case is what are your expectation damages down to the bargain and what are your consequential damages. And these look to me like consequential damages. Well, I guess it doesn't, I don't necessarily want to quarrel or debate kind of what you would call them. I think that Idaho law is fairly clear, though, in stating that these particular categories of damages, types of damages, are personal injury. And that's why they also can be that, too. I mean, I don't quarrel with that. And, Your Honor, I'm referring to, of course, the cases, the long line of cases starting with Moon in 1944 through Evans in 1990, that you're, it's not only just pain and suffering from, that comprises a personal injury, but I would, I believe one of the courts there at least called them consequential damages from that. Are those cases that you're referring to, are they cases under the UCC? They're not, Your Honor. Well, that's the point, isn't it? Well, I think that not only those cases, but if you also look at, of course, oaths that you've also have questioned, as well as Salmon Verla versus Cessna, there's a line of cases that I believe consistently have stated that regardless of what you may label or call or what is the source of your cause of action with regards to whether your damages survive, you look to the nature of the damages being alleged. And over time, of course, the Idaho legislature may create causes of action that didn't exist before, but they haven't altered the basic analysis under the nature of the damages alleged. You know, I, I, this is not your fault. It's my fault. I jumped you over a proposition that we started with in the argument on the other side, and that is to say the effect of Puckett. I'm inclined to read Puckett as saying that the person in Mr. Shaw's position is a third-party beneficiary under the UCC. Do you disagree with that? No. Okay. So, so, so the argument really goes, we take that as a given, and now we move on to where we were, which is it's a character of damages, in your view, nonetheless says that this is, in essence, a tort claim. That's right. Let's say he had not died, and his lawyer simply brought a claim under the UCC, claiming either agency or third-party beneficiary status. What would be the available damages? If he had the standing as either a third-party beneficiary or in privity of contract, then I think he would have available to him what Idaho has categorized as all three types of categories of damages, those being personal injury, property damage, and economic loss. He would have both contract damages available, the economic loss, if he could prove some economic loss. In this case, there isn't any, but he could. That would be available to him, as well as … That also would be available to him under tort theory, too, wouldn't it? The economic loss would not be available to him under tort theory. Would not. Would not. So why if, since he is deceased, if he has a claim under the UCC, why then does it matter? And let's assume his lawyer just didn't bring a negligence claim, for whatever reason. The lawyer was negligent in not bringing a negligence claim or whatever, and he just brought the UCC claim. Why wouldn't we reach the same result here, which is basically we have a claim which is not based on the type of personal injury that abates on death? I'm not entirely sure I understand. I mean, I just don't understand why, if he has a claim, then the scope of his damages are circumscribed by the nature of his claim, correct? And the proof that he could muster to charge damages. Right. And since we don't know, from our perspective, we don't know what that is one way or the other. We don't know if he does or doesn't have economic damages, for example. I know maybe he doesn't in your view, but we don't know that in terms of where we sit in this case. So why wouldn't, if we were to determine that he has a UCC claim, why wouldn't we simply remand it to the court to proceed under that theory, and then the chips fall where they may? Well, Your Honor, I don't believe that the plaintiff has alleged any economic damages in his complaint. And as the trial court found, the type of damages that were alleged were all personal injury type of damages, pain and suffering, lost wages, and medical expenses. And those three have concerns. I think this is implicit in what I've already said, but let's assume that we don't have a third-party beneficiary problem. Let's assume that I simply buy a product that's covered by the UCC, the product is defective, and not only does it cause me economic damages, I've got to replace it, I've got to close down for a little while and so on, but it also causes physical injury and I lose a leg. I assume that I can recover for the loss of leg and the damage recovery for that loss of leg will, in terms of the number that comes out, will certainly look an awful lot like the number that would come out if this were an ordinary tort suit. Isn't that right? Your Honor, I would like to answer your question, but I've got one minute. I'm going to give your co-counsel some time. So just if you'll finish this question, that's fine. I'm sorry, Your Honor. The question. Putting to one side the third-party beneficiary question. So I'm the direct purchaser. I purchase a product from the manufacturer covered by the UCC. The product malfunctions. And I have economic damages because I've got to close down my factory or whatever it is, but I also have personal injury damages because in malfunctioning the product costs me my leg. As to the damages for the loss of the leg, I assume that the number I get will be identical to the number I would get as if this were a tort suit based upon the loss of a leg. Is that right? I would accept that premise, Your Honor. So that sounds like a contract damage to me in the context of that suit. Your Honor, I believe that if you look at the Idaho cases that talk about the economic loss rule and whether you could assert both tort and contract damages, that those are personal injury damages that would not be recoverable under contract theory. They may be recoverable under common law contract theory. Now, because the Idaho legislature combined these remedies in the UCC still doesn't change for the purposes of determining whether they survive, doesn't change the analysis that you look at the nature of the damages. Okay. All right. Thank you. We'll hear from Mr. Harris. You have minus three minutes, but we're going to give you a plus three minutes. Thank you, Your Honor. Judge McHugh and Judge Hugg and Judge Fletcher, my name is Donald Harris. I represent Continental, excuse me, Solid State Services doing business at Standard Electric, an engineering company, in other words, SECA. Our position is we shouldn't even be here. On the August 2nd order, 2005, the Honorable Judge Bieland-Wintermill, Chief Judge of Idaho, granted our motion for summary judgment as a third-party defendant as against Dauphin. That decision became final. The next day, Dauphin filed their motion to dismiss based on the ruling in our case against the plaintiff in this case, the estate of Shaw. No appeal was taken against us by Dauphin. Shaw. How do you respond to the Bryant case? I'm sorry, Your Honor, I'm not familiar. How do you respond to our decision in Bryant? Bryant is Bryant v. Technical Research Company, 654 F. 2nd, 1337. It's cited in Dauphin's brief, and I think it goes against you. Well, Your Honor, we believe that, and I'm sorry, we believe that in this case that there was a responsibility by Dauphin to file an appeal specifically against us under the facts of our case that they did not file an appeal against us. I understand the argument, and that's why I asked you about Bryant, because the Bryant case is pretty closely, it's pretty similar, in which a cross-appeal with a third-party beneficiary was not entered, and the court of appeal allowed, nonetheless allowed the cross-appeal in as a kind of a tag-along to the appeal that had been brought. I understand that, Your Honor, and we did look at that. We believe in this case that we still, that the facts that we have here, even though it's a tag-along, we do not believe that that tag-along should be permitted for SECO given the fact that, given Judge Windmill's ruling, which was not appealed, was appealed by the estate of Shaw, but our decision had nothing to do with the estate of Shaw, only the tag-along. Let me just understand the practical consequences of your position. So if you're correct and you're not in this action, and Shaw recovers, let's just say hypothetically Shaw recovers against Dauphin, could Shaw file a separate third-party indemnity action against your client, or would that then be foreclosed because of this previous procedural setup? We believe that indemnification and contribution actions always arise after any judgment. Traditionally, that's when they do arise. And we believe because they elected to bring a third-party claim against us now and still waiting to determine if there was a judgment against them by the estate of Shaw, that they're foreclosed then because of the Court's ruling in summary judgment. The better practice would have been to have awaited a judgment to determine if, in fact, there was any liability to the estate of Shaw, then bring an indemnity and contribution action after it arose. In my view, it doesn't arise. In other words, you don't like Rule 14. Well, I understand about Rule 14, and I agree with that. Rule 14 contemplates something different from what you're contemplating, which is to say you file a third-party claim in anticipation of the possibility of the judgment. You do, and I agree with that. Rule 14. Well, but you just disagree with it. Well, I understand, Your Honor. I know about Rule 14, but traditionally, my view was that it – our view was that a rule arises after the – after judgment. But we know under Rule 14, you can bring those claims. Okay. This is a variation on Judge McKeown's question. If we were to agree with you here and say that the failure to take a cross-appeal by Dauphin in this case gets you out of this case, after they get judgment, if judgment – after this remands, if it remands, and if Mr. Shaw's estate recovers against Dauphin, those are big ifs, but if that happens and we now have a judgment against Dauphin and they now file a suit for you for indemnification, Judge McKeown's question was, are you going to defend on the ground of res judicata? Yes, Your Honor. Okay. That's what I thought you said. Okay. Thank you. Do you have some rebuttal time? Okay. Briefly, Your Honor, if you look at the statute under the UCC, it expressly provides recovery for the type of damage sought in this case. And counsel wants to ignore that and say, well, because it might be the same type of damages as a court action, it's therefore a court action. Well, you can't do that. That renders that statute entirely meaningless. That's not a proper way to interpret or construct a statute. Our position is Shaw had the appropriate standing and status to bring a UCC claim. His damages are specifically allowed under the UCC provision. He is therefore entitled to pursue those UCC warranty claims. And simply in conclusion, I do want to express my appreciation to the court to allow me to participate by videoconference. Thank you. Thank you. The case of Shaw v. Dauphin Graphics is submitted. Thank all counsel for your arguments. Thank these gentlemen for coming from Idaho. And we'll proceed with the next case.
judges: Hug, McKeown, W. Fletcher